**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Case No. 08-cr-030-03-PB

Elvis Delarosa

**O R D E R**

The defendant, Elvis Delarosa, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 98). That amendment was given retroactive effect on November 1, 2011. For the reasons stated below, the defendant's motion to reduce sentence is DENIED.

The 2010 Fair Sentencing Act, by omission, prohibits persons who received a career offender guideline sentence from receiving a sentence reduction based upon the retroactive application of the cocaine base amendment. Specifically, the United States Sentencing Commission amended § 1B1.1, (Application Instructions) and adopted a three-step approach to determine the sentence to be imposed. Under § 1B1.1, the court first determines the guideline range and then considers any departures or variances. Consistent with that approach, the proposed guideline at §1B1.10, comment

(n.1[A]) was also amended to reflect that "eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variances.)." The only exception to reducing the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range would be a sentence which resulted from a downward departure pursuant to a government motion for substantial assistance, which has no application here.

In this case, without regard to whether the application of the cocaine base amendment would result in a reduction of his base offense level, the defendant's total offense level would not change because he is a career offender. As a result, because the career offender guideline was not lowered by the 2010 Fair Sentencing Act cocaine base amendment, he is not eligible for a reduction of his sentence. Therefore, the defendant's motion to for a sentence reduction (document no. 98) is DENIED.

**SO ORDERED.**

Date: March 23, 2012

/s/ Paul J. Barbadoro
_____
Paul J. Barbadoro
United States District Judge

cc: Elvis Delarosa, pro se
    Counsel of Record

2